## COOKINHAM v. STATE.

(Supreme Court, Appellate Division, Third Department. January 5, 1916.)

EMINENT DOMAIN ⬸96—COMPENSATION—DAMAGES TO SPECIAL USE—CONSEQUENTIAL DAMAGES.

　　Where the owner of property, a portion of which was taken by the state for barge canal purposes, had expended large sums of money in setting trees, building a dam and fences, and constructing a private game preserve on such property, he was entitled to consequential damages to the special use of the remainder not taken, and the land could not be compensated for as ordinary farm land.

　　[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 245–249; Dec. Dig. ⬸96.]

Appeal from Court of Claims.

Proceeding on the claim of Henry J. Cookinham against the State, for taking land for canal purposes. Appeal by the claimant from an award of the Court of Claims in his favor. Modified and affirmed.

This is an appeal by the defendant from a judgment of the Court of Claims, awarding him $6,631.21 damages for the appropriation of 86.041 acres of his fish and game preserve for barge canal purposes.

The court finds that the award made by the Court of Claims represents the just and fair value of the property actually taken by the state, but allows nothing for the consequential damage to the remaining property of the claimant, and that by the appropriation his remaining property has been depreciated $5,000 in value, and that the total damage which the claimant has sustained by the appropriation of the state is $11,631.21.

We further find that the counsel upon the argument conceded if the damages were found to be inadequate that the court should modify the judgment

accordingly, rather than send the case back to the Court of Claims for further consideration. The plaintiff is entitled to recover of the state the sum of $11,631.21, with interest thereon from March 24, 1911, and the judgment appealed from is modified accordingly, and, as so modified, affirmed, with costs to the appellant.

Argued before KELLOGG, P. J., and LYON, HOWARD, WOODWARD, and COCHRANE, JJ.

H. J. Cookinham, Jr., and F. H. Cookinham, both of Utica, for appellant.
Egburt E. Woodbury, Atty. Gen. (Franklin Kennedy, Dep. Atty. Gen., of counsel), for the State.

JOHN M. KELLOGG, P. J.   The claimant owned 431 acres of land in the town of Remsen, Oneida county, which he used as a fish and game preserve and a summer home. He had properly fenced, posted, and advertised the premises to convert it into a private preserve under the statutes of the state, and had used it as such for many years. There were on the property three sets of farm buildings, a large barn connected with the cottage, boathouses, and other buildings. The cottage itself was burned before the appropriation. One set of farm buildings was within the appropriation line. He had built at a good deal of expense a dam across the creek, making a trout pond covering several acres, and a rocky stream with quite a fall connected the pond with the West Canada creek. Two mills, operated by water, were formerly on the premises, and a water power upon the stream could be developed to produce about 21.6 horse power. The cost of this development, however, would be great, and the fixed charges of operation, therefore, heavy. It is not clear that the water power is of great practical value. The stream and pond were inhabited by trout, and the premises were all an excellent hunting and fishing preserve, and valuable principally as such. A great part of the stream below the pond is within the appropriation line, and the evidence indicates that the use by the state of the appropriated land has practically destroyed the stream and pond as trout waters, and lessened the value of the remaining premises as a hunting and fishing preserve and summer home. The evidence indicates in a general way that the preserve, including the original cost of the land and improvements, had cost him in the neighborhood of $50,000, although no particulars are given, and the evidence is not satisfactory upon that point. He had, however, constructed roads and trails, planted many thousand trees, and done a large amount of work at great expense to improve the property and render it suitable and available for the purposes for which he was using it. The Commission has allowed him the fair value of the land taken, but apparently has not considered that the taking of the land has been a general damage to the remaining property. It is evident that the taking of the trout stream, the grove, and the other property has affected very materially the market value of the remaining property as a preserve and summer home, and the value of the property taken does not compensate the claimant for the damage done him. We are satisfied that a substantial damage has been done to the remain-

ing property, and that the claimant was fairly entitled to an allowance for the consequential damages which he has sustained, and that the award of the Commission proceeds upon an erroneous basis in that respect. Upon the argument counsel upon both sides conceded, if this court found that the damages were insufficient, that it would by its judgment fix the proper damages, rather than send the case back to the Court of Claims for further consideration. The evidence in behalf of the state treats the whole property as farm lands, and overlooks, to a great extent, its value for the purposes for which it has been improved and used and is principally valuable. The claimant, we are satisfied, has not been injured as much as he thinks he has, and the evidence produced by him exaggerates to quite an extent the damages he has sustained.

Upon a careful consideration of the facts we determine that the consequential damages sustained by the plaintiff, on account of the remaining lands, is $5,000, and that the total damages he has sustained by the appropriation is $11,631.21, for which he should have judgment, with interest thereon from March 24, 1911. The judgment of the Court of Claims should therefore be modified accordingly, and, as so modified, affirmed without costs.

The determination of the Board of Claims is modified by allowing the plaintiff $5,000, consequential damages, which, added to the award, makes the damages $11,631.21, and, as so modified, affirmed, without costs; the counsel upon the argument having consented that, if this court found the damages insufficient, it might increase the amount. All concur, except LYON and COCHRANE, JJ., who vote for affirmance.