BROOME COUNTY EXTENSION SERVICE ASSOCIATION, Respondent, v. STATE OF NEW YORK, Appellant. (Claim No. 41758.) — AULISI, J. Appeal

from a judgment of the Court of Claims in the amount of $98,963.85 for the appropriation in fee and for permanent and temporary easements of land in the Town of Dickinson, County of Broome. Claimant is a nonprofit unincorporated association dedicated to the advancement of farming in Broome County. In 1955 claimant received a bequest of 23 acres centrally located on upper Front Street adjacent to the City of Binghamton. The property had a uniform width of approximately 650 feet and ran in depth to the Chenango River. In accordance with the bequest, plans were formulated, funds raised and in 1957 a building was constructed to be used as a center for claimant's agricultural program. Thereafter the residence on the property was converted into an office building to supplement the offices, conference rooms, instruction rooms, laboratories and auditorium in the new building. Claimant offered various and extensive services for the farming community and others connected with or interested in agriculture. In addition to the facilities housed in the buildings, claimant planned to use the rear acreage for livestock shows, field days and equipment demonstrations, experimental crop and irrigation areas, a youth camp and a picnic area. Some of these activities had taken place on the property and were to augment and be in conjunction with the various services, departments and facilities based in the claimant's buildings. On July 18, 1962, pursuant to section 30 of the Highway Law, the State of New York appropriated approximately 15½ acres of claimant's land. Claimant was left with a generally rectangular parcel of approximately 7½ acres upon which its buildings were situated. Access to the river has been eliminated and claimant was left with approximately 4 acres in addition to the land occupied by the buildings and their appurtenances. This, it is claimed is insufficient to run an integrated and economical program as contemplated. The Court of Claims found that "Before the appropriation the claimant had a complete unit well suited for the purpose used" and that afterward most of the land necessary for recreational, research and demonstration purposes was lost and the claimant "was reduced to an office operation instead of the complete use of its well-balanced organization." Damages were assessed as follows: direct, $65,000, consequential $25,000; temporary easement $1,550. The State contends that by allowing consequential damages a duplication of damages resulted since the award for direct damages closely approximates the State's figure for direct damages and is substantially above claimant's figure. This position is predicated upon the argument that the State's appraiser considered the value of the parcel taken as used with the frontage area. However, this contention is not supported by the record. It is, of course, impossible to value a parcel of land without considering its environs, but there is no proof here to indicate that the State's appraiser considered the appropriated parcel to be enhanced in value by being contiguous to the frontage and its special use. In fact, he consistently denied the existence of consequential damages to the remaining parcel and from the record it appears that he kept the two parcels separate when calculating their respective value. This is substantiated by exhibits introduced by the State. The record does not disclose any error in the appraisals and both appear to have proceeded under the same analysis although the methods, terminology and conclusions differ. Since we find no error the court was within the range of testimony and was justified in determining direct damages to be in proximity with the State appraiser's figure. The other point urged by the State is that no consequential damages resulted since the effectiveness of the remaining facilities had not been diminished and in any event if there was damage it was not legally compensable because it concerned damages to the business conducted on the land. We can not agree with this view. Even one of the State's experts testified that the new

building had no general market value because of its unique characteristics and that this property was in an optimum site for such a center which makes this an exceptional situation. The State's contention, that since the remaining buildings can be fully occupied there is no damage, fails to take into consideration the special facts and circumstances in the instant case. There is abundant evidence that this property was optimally adapted for the utilization for which it was developed. The offices, demonstrations, laboratories and teaching rooms in the buildings were enhanced and made part of a unified operation by the activities carried on and contemplated on the appropriated land. The outdoor shows, recreation and plantings were an integral part of the instruction and consultation carried on in the buildings. There is sufficient evidence to show that the remaining approximately four acres could not support such things as the experimental weed control program which had been carried out for the benefit of all the farmers raising corn in the county. Similarly the ability to have outdoor activities and experiments transmitted by television from the center's communication room has been greatly curtailed or destroyed. We believe these factors can be considered in determining a reduced market value of the remaining parcel and structures, where, as here, they had previously been an integral part of a unique system (see *St. Agnes Cemetery* v. *State of New York*, 3 N Y 2d 37; *Troy Housing Auth.* v. *Clemente Bros.*, 4 A D 2d 804; *Cookinham* v. *State of New York*, 171 App. Div. 80). We believe the award of consequential damages was proper and should be affirmed in the instant case. Judgment affirmed, with costs. Gibson, P. J., Herlihy, Reynolds and Hamm, JJ., concur.